IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3546-D |
| | § | |
| KAREN MITCHELL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The United States of America – on behalf of the Administrative Office of the United States Courts ("AO"), the United States Attorney's Office for the Northern District of Texas ("USAO"), and the United States Postal Service ("USPS") (collectively, "Federal Defendants") – has moved to dismiss Plaintiff Rose Adanma Duru's claims against the Federal Defendants. *See* Dkt. No. 17. United States District Judge Sidney A. Fitzwater referred the motion to dismiss to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 19.

The undersigned entered an order requiring that Duru file a response to the Federal Defendants' motion by a date certain. *See* Dkt. No. 20. She failed to respond, and the time by which to do so has expired. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the motion and dismiss the claims against the Federal Defendants under Federal Rule of Civil Procedure 12(b)(1) without prejudice to Duru's ability to file the claims in a

court of competent jurisdiction.

## Applicable Background

Duru has established a record of filing frivolous actions in this Court and elsewhere – for example, this action was initiated in the Houston Division of the Southern District of Texas. *Cf. Duru v. DOJ*, No. 3:16-cv-1162-M-BK, 2016 WL 3223628, at *1 (N.D. Tex. June 9, 2016) ("Plaintiff is warned that, if she persists in filing frivolous or baseless actions, or cases over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar her from bringing any further action." (emphasis omitted)).

Through the current action, Duru seeks monetary damages against the AO and the USAO based on allegations that those defendants falsified court records and documents in an action Duru previously prosecuted in this Court. *See* Dkt. No. 1 at 6-21 (referencing – and attaching to the complaint the docket sheet from – *Duru v. Tex. State Court*, No. 3:15-cv-1855-L-BH (N.D. Tex.)). And, as against the USPS, Duru also seeks monetary damages but fails to allege factual allegations, merely referring the Court to another case she filed in the Fort Worth Division of this district. *See id.* at 22-28 (referencing *Duru v. U.S. Postal Serv.*, No. 4:15-cv-992-O (N.D. Tex.)).

## Legal Standards and Analysis

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citations omitted). Accordingly, a "[a] plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity." *In re FEMA*

*Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) ("*In re FEMA Trailer*").

The sovereign immunity of the United States extends to its agencies. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Garland v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2005 WL 910605, at *2 (N.D. Tex. Apr. 20, 2005) ("United States agencies and officers are also protected by sovereign immunity." (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990))).

These agencies include the Federal Defendants: the AO; the USAO; and the USPS. *See, e.g., Andela v. Admin. Office of U.S. Courts*, Civ. A. No. 13-865, 2013 WL 1827669, at *4 (E.D. Pa. May 1, 2013) (dismissing civil rights claims against the AO "for lack of jurisdiction" (citing *Sturgis v. Employers Ins. of Wausau*, 145 F.3d 1341 (table), 1998 WL 276841, at *1 (9th Cir. May 22, 1998) (per curiam) ("Appellant's claims for compensatory relief against appellees Administrative Offices of the United States Courts and Judicial Conference of the United States are also barred by the doctrine of sovereign immunity."); citation omitted)); *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (per curiam) ("The district court properly dismissed Smart's due process claim against the Attorney General, the Acting United States Attorney, and the Department of Justice, because sovereign immunity deprived the court of subject-matter jurisdiction. As the court rightly noted, suits against federal officers in their official capacity are really suits against the government, and for these suits to go forward, the government must waive its sovereign immunity."); *Smith v. U.S. Main*

*Post Office*, No. 3:08-cv-1561-P, 2008 WL 5435564, at *2 (N.D. Tex. Dec. 31, 2008) (dismissing civil rights claims against "the Postal Service, [because,] as an agency of the United States, [it] is immune from suit as a result of sovereign immunity" (citation omitted)).

Because Duru has not carried her burden to show that the United States has waived its sovereign immunity as to her claims for monetary damages against the Federal Defendants, this Court lacks jurisdiction over those claims and they should be dismissed without prejudice under Rule 12(b)(1). *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *accord Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) (per curiam) (noting that "'dismissal for want of jurisdiction bars access to federal courts,'" "'is *res judicata* only of the lack of a federal court's power to act,'" and "'is otherwise without prejudice to the plaintiff's claims,'" which means that "'the rejected suitor may reassert his claim in any competent court'" (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985))); *cf. In re FEMA Trailer*, 851 F.3d at 287 ("Waivers of sovereign immunity should be narrowly construed in favor of the United States." (citing *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006))).

## Recommendation

The Court should grant the motion to dismiss filed by the United States on behalf of the Federal Defendants [Dkt. No. 17] and dismiss the claims against those

defendants under Federal Rule of Civil Procedure 12(b)(1) without prejudice to Duru's ability to file the claims in a court of competent jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE